[Civil No. 4451.   Filed September 28, 1942.]

[129 Pac (2d) 307.]

ROBERT L. STRINGFELLOW and BERNICE FENN STRINGFELLOW, Appellants v. CHARLES S. SMITH, Appellee.

Mr. R. C. Bennett, for Appellants.

Mr. A. J. Eddy, for Appellee.

ROSS, J.—It appears from the pleadings that Charles S. Smith, the plaintiff and appellee in this action, was the owner of a section of land situated in Yuma County, Arizona, being Section 36, Township 9 South, Range 23 West of the Gila and Salt River Meridian; that on or about the 3d day of July, 1940,

he brought an action against the defendants: State of Arizona, County of Yuma, Robert L. and Bernice Fenn Stringfellow, husband and wife, and several Does, for the purpose of quieting his title to said section of land.

The state and county filed an answer, by the county attorney of Yuma county, admitting plaintiff's ownership of the land but alleging there was due said state and county the taxes for the years 1939 and 1940 on such property.

The Stringfellows filed an answer claiming to be the sole owners of the fee simple title to such real property.

The case was tried on or about October 30, 1940, upon the issues thus made. At the close of the trial, the court entered its judgment and decree, upon the stipulation of plaintiff and defendants in open court, that the lien for 1939 and 1940 state and county taxes is a first and prior lien upon the premises described in plaintiff's complaint. And, upon stipulation between the plaintiff and defendants Stringfellow, it was ordered that should judgment be rendered for the plaintiff, the sum of $160 would be allowed defendants Stringfellow to reimburse them for moneys paid out by them in attempting to purchase the premises described in plaintiff's complaint. Then followed the order of the court that plaintiff Smith, within thirty days, pay to the clerk of the court of Yuma county, for the use and benefit of the defendants Stringfellow, the said sum of $160, whereupon he should have final judgment quieting his title to the premises. It is recited that such sum was paid as ordered, and judgment followed quieting plaintiff's title to said premises.

The Stringfellows are dissatisfied with such judgment and have appealed.

Upon the trial of the issues formulated by the pleadings there was introduced both documentary evidence and oral testimony. The oral testimony was largely that of the county treasurer of Yuma county in explanation of the documentary evidence. Upon motion of the plaintiff, the oral evidence was stricken. We must therefore decide the case upon the documentary evidence alone.

There are in the files of the case, unsigned and unauthenticated, certificates of purchase by the State of Arizona of certain portions of said Section 36 for delinquent taxes, but such certificates are not signed by the county treasurer of Yuma county, nor is it shown by the record why they were not signed, nor does it appear that such certificates of purchase were ever delivered to the State as purchaser.

The law contemplates that certificates of purchase at a tax sale for delinquent taxes shall be signed by the county treasurer conducting such sale and that such certificates shall recite the amount of all taxes, interest, penalties and charges for which the property was sold, together with the rate of interest payable thereon in order to redeem and bear the signature of the county treasurer. Sections 73–815 and 73–811, Arizona Code 1939. Subsequent steps by the county treasurer looking to a disposition of the property after delinquency are affected by the same defects of omission.

With these defects appearing in defendants' claim of title, without considering many others suggested and urged as fatal, we are satisfied defendants Stringfellow have failed to make out a case entitling them to have a reversal of the judgment of the trial court.

The judgment is accordingly affirmed and the title to the property quieted in plaintiff Smith on condition

that he pay the state and county taxes on the property for the years 1939 and 1940 and subsequent years.

LOCKWOOD, C. J., and McALISTER, J., concur.